UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
KATE GORBATY,

                Plaintiff,

        -against-

WELLS FARGO BANK, N.A., WELLS FARGO
HOME MORTGAGE, INC., and WELLS FARGO
HOME EQUITY,

                Defendants.
-----------------------------------------------------------X

ORDER
CV-10-3291 (NGG)

GOLD, S., U.S.M.J.:

      Plaintiff moves for reconsideration of my decision, Docket Entry 36, disqualifying her husband Dmitry Gorbaty from representing her in this action. Docket Entry 40. Plaintiff's motion is denied. The sole basis for reconsideration is plaintiff's assertion, supported by the property deed, that Dmitry is not a co-owner of the house. *Id*. This fact, even if it was erroneously asserted in connection with the prior motion, was repeated in my decision only in passing, Docket Entry 36 at 4, and was not among the facts I relied upon in concluding that Mr. Gorbaty is likely to be a witness with respect to significant issues of fact at trial, *id*. at 4-6. The major determinative factor in my decision was the fact that Dmitry attended the closing where the disclosures at issue were made and signed at least some of the disclosure statements that are the subject of this litigation. *See* Docket Entries 26-1, 26-2 at 1-17, 20, 32, 33. In his memorandum in support of reconsideration, Mr. Gorbaty acknowledges signing documents at the closing. In fact, he states:

> Those documents that allegedly Mr. Gorbaty and Mrs. Gorbaty
> signed under time pressure with a bunch of other documents
> cannot possibly stand close scrutiny. It is very unlikely to expect
> anybody to be a good witness of the events or remember anything

> that has transpired in a situation such as was created by the
> defendant Wells Fargo at the closing. Mr. Gorbaty's statements as
> a witness cannot be any different from statements of Kate Gorbaty
> because all they recollect is just signing of "bunch" of duplicate
> unrecognizable documents in a rush. As a result Mr. Gorbaty will
> not be in any different position or will not be able to make any
> different statements from Kate Gorbaty about what tr[a]nspired at
> the closing.

Docket Entry 40-1 at 4.

Plaintiff's contention that Dmitry is not a co-owner of the house does not persuade me to change my decision disqualifying him from serving as plaintiff's counsel in this case. Even if Dmitry is not a co-owner, my conclusion remains the same:

> Mr. Gorbaty was a key participant in many of the most important
> events in the case, including the closing held on July 23, 2007.
> Moreover, Mr. Gorbaty appears to have signed most, if not all, of
> the critical documents in issue. His involvement with the
> underlying events is pervasive . . . .

Docket Entry 36 at 7. Accordingly, plaintiff's motion for reconsideration is denied.

                                                            **SO ORDERED.**

                                                            /s/
                                              **STEVEN M. GOLD**
                                              **United States Magistrate Judge**

Brooklyn, New York
February 11, 2011

*U:\eoc 2011\gorbaty\gorbaty reconsideration.wpd*