```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KATE GORBATY,

                           Plaintiff,
                                                             ORDER
             -against-                                       CV-10-3291 (NGG)

WELLS FARGO BANK, N.A., WELLS FARGO
HOME MORTGAGE, INC., and WELLS FARGO
HOME EQUITY,

                           Defendants.
------------------------------------------------------------X
```
GOLD, S., U.S.M.J.:

      Kate Gorbaty moves for a stay of the briefing schedule on defendants' motion to dismiss. Docket Entry 61. On June 14, 2011, I issued a Report & Recommendation recommending that plaintiff's motion for default judgment be denied. Docket Entry 53. Plaintiff subsequently filed an objection that is now pending before the Honorable Nicholas G. Garaufis. Plaintiff seeks to defer submitting her opposition to defendants' pending motion to dismiss until after Judge Garaufis decides her motion for entry of default. For the reasons that follow, plaintiff's motion is denied. I will, however, grant plaintiff additional time to submit her opposition to defendants' pending motion to dismiss. Accordingly, plaintiff shall file her opposition no later than September 16, 2011, and reply by defendants is due no later than September 30, 2011. The oral argument will proceed as scheduled on October 18, 2011.

      Plaintiff contends that the motion to dismiss may be mooted if Judge Garaufis grants plaintiff's motion for entry of default and that briefing the motion to dismiss would therefore be a waste of judicial and attorney resources. The sufficiency of plaintiff's complaint, however, must be evaluated before entering a default judgment just as when deciding a motion to dismiss.

*See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (recognizing that one of the factors a court should consider in determining whether a final default judgment is appropriate is the sufficiency of plaintiff's complaint); *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009); *Basile v. Wiggs*, 2009 WL 1561769, at *8 (S.D.N.Y. May 29, 2009). *See also Starr v. Sony BMG Music Entm't*, 592 F.3d 314, 321 (2d Cir. 2010) (discussing the *Twombly-Iqbal* standard assessing the sufficiency of a complaint on a motion to dismiss). Moreover, if Judge Garaufis grants plaintiff's motion for entry of default and defendants then move to vacate the default, one of the factors the Court will be required to consider is whether defendants have a meritorious defense, an issue that will also likely be briefed as part of defendants' motion to dismiss. *City of New York*, 645 F.3d at 140 n.24; *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir. 1993); *Basile*, 2009 WL 1561769, at *5. Thus, the briefing on the motion to dismiss will likely address at least some of the same issues that would be raised even if defendant is held in default. In the alternative, if plaintiff's motion to hold defendants in default is denied, the progress of the case will not be further delayed while the parties brief the motion to dismiss.

For all these reasons, I find that requiring the briefing on defendant's motion to dismiss to proceed at this time would not waste judicial or attorney resources. Plaintiff's motion for a stay is therefore DENIED.

SO ORDERED.

_____/s/_____
STEVEN M. GOLD
United States Magistrate Judge

Brooklyn, New York
August 29, 2011
U:\eoc 2011\gorbaty\stay order.doc