

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
KATE GORBATY,

                Plaintiff,

-against-

WELLS FARGO BANK, N.A., WELLS FARGO
HOME MORTGAGE, INC., and WELLS
FARGO HOME EQUITY,

                Defendants.
----------------------------------------------------------------X

**MEMORANDUM & ORDER**

**10-CV-3291 (NGG) (SMG)**

NICHOLAS G. GARAUFIS, District Judge.

Before the court are the objections of the plaintiff, Kate Gorbaty ("Plaintiff") (Docket Entry # 56), to the recommendation of the Honorable Steven M. Gold, Chief United States Magistrate Judge (Docket Entry June 14, 2011), that the court deny Plaintiff's motions for entry of default and for default judgment (Docket Entry ## 15, 46, 47). For the following reasons, the court adopts Judge Gold's recommendation. Accordingly, Plaintiff's motions are denied. Furthermore, Plaintiff's motion to stay (Docket Entry # 61) is denied as moot.

I. **BACKGROUND**

Plaintiff filed her Complaint on July 16, 2010, alleging violations of the Real Estate Settlement Procedures Act and the Truth in Lending Act, along with other federal and state law claims. (Docket Entry # 1.) On September 2, 2010, the parties stipulated that Defendants would file their answer, or otherwise respond, by September 29, 2010. (Docket Entry # 8.) On the day Defendants' response was due—and after the close of business—Defendants wrote a letter to the court requesting a pre-motion conference in anticipation of filing a motion to dismiss, as well as an extension of time to file their answer. (Docket Entry # 12.) On October 1, 2010, the court denied Defendants' request for an extension of time, citing its untimeliness and Defendants'

1

failure to indicate that they sought Plaintiff's consent, as required by the court's Individual Rule II.E.4. (Docket Entry # 13.)

On October 4, 2010, Defendants again asked the court to grant their motion for a pre-motion conference, apologetically explaining that counsel had misunderstood the requirements for requesting an extension of time, and this time describing their unsuccessful efforts to obtain Plaintiff's consent. (Docket Entry # 14.) On the same day, Plaintiff moved for entry of default and for default judgment. (Docket Entry # 15.) Plaintiff subsequently filed duplicative motions requesting the same relief. (Docket Entry ## 46, 47.) The court referred Plaintiff's motions and Defendants' motion for a pre-motion conference to Judge Gold, with instructions to make a recommendation as to Plaintiff's motions and to set a briefing schedule for Defendants' proposed motion to dismiss. (Docket Entry # 49.)

On June 14, 2011, Judge Gold heard oral argument on plaintiff's motions and concluded that they should be denied. (Hr'g Tr. (Docket Entry # 53) at 20-24.) Plaintiff objected to Judge Gold's recommendation. (Docket Entry # 56.)

Judge Gold also set a briefing schedule for Defendants' motion to dismiss (Docket Entry June 14, 2001), which Defendants then filed (Docket Entry # 57). Plaintiff moved to stay the motion to dismiss pending review by this court of Judge Gold's recommendation. (Docket Entry # 61.) Judge Gold denied Plaintiff's motion to stay (Docket Entry # 64) and Plaintiff appealed that decision (Docket Entry # 65). Because the court here decides Plaintiff's motions for default, the motion to stay is denied as moot.

## II. DISCUSSION

### A. The Applicable Law

The district court reviews de novo those portions of a magistrate's recommendation to

2

which objection is made. 28 U.S.C. § 636(b)(1).

A default judgment is "the most severe sanction which the court may apply." New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005) (quoting Cody v. Mello, 59 F.3d 13, 15 (2d Cir. 1995)). In ruling on a motion for default judgment, all doubts must be resolved in favor of the opposing party. Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993). "The dispositions of motions for entries of defaults and default judgments . . . are left to the sound discretion of a district court." Id. at 95. Further, "district courts regularly exercise their discretion to deny technically valid motions for default." Sony Corp. v. Elm State Elecs., Inc., 800 F.2d 317, 319 (2d Cir. 1986). In considering such motions, the court considers "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." Id. at 96. The court may also consider equitable factors, such as the absence of good faith or the hardship a default would cause the defaulting party. Id.

### B. Willfulness

While the court does not condone Defendants' untimely filing of their request for a pre-motion conference and extension of time, this conduct did not rise to the level of willful default. Rather, counsel's mistake appears to have been made in good faith. Counsel, intending to move to dismiss, properly referenced this court's Individual Rule III.A, which requires the moving party to request a pre-motion conference and an extension of time to respond. Counsel's failure to seek Plaintiff's consent for an extension of time, as per Individual Rule II.E, was apparently human error. Moreover, Defendants attempted to cure the default by seeking Plaintiff's consent after the original extension request was denied.

Additionally, contrary to Plaintiff's argument (Pl. Mem. (Docket Entry # 47-2) at 5), Defendants cannot be faulted for their delay in responding to the Complaint. Defendants must be

afforded the opportunity to make a motion to dismiss. See Fed. R. Civ. P. 12(b) ("A motion asserting any [Rule 12] defenses must be made before pleading . . . ."). Before they can do that, they must, pursuant to the court's Individual Rule III.A, request a pre-motion conference. Defendants twice requested a pre-motion conference (Docket Entry ## 12, 48), which was ultimately held by Judge Gold (Docket Entry June 14, 2011). Defendants timely filed their motion in accordance with the schedule set by Judge Gold. (Docket Entry # 57.)

### C. Prejudice

Plaintiff's contention that she has been prejudiced by the delay is unavailing. Plaintiff, who was once employed as a paralegal (see Gorbaty Decl. (Docket Entry # 20-2) ¶ 3), and her husband, who is now her attorney (see Order (Docket Entry # 44)), had the ability to research the law governing default judgments and could have made a wiser decision about the likelihood of succeeding in that course. Plaintiff and her counsel chose to litigate the present motions rather than proceed to the merits of the case. Since their untimely request for a pre-motion conference, Defendants have complied with every deadline Judge Gold has imposed. Therefore, any prejudice that Plaintiff has suffered on account of delay cannot be attributed to Defendants.

### D. Meritorious Defense

To make a sufficient showing of a meritorious defense in connection with a motion for default judgment, "the defendant need not establish his defense conclusively, but he must present evidence of facts that, if proven at trial, would constitute a complete defense." State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 167 (2d Cir. 2004) (internal quotation marks omitted). In their memorandum in support of their motion to dismiss, Defendants state several apparently good-faith arguments that would constitute complete defenses to Plaintiff's claims. (See Def. Mem. (Docket Entry #58).) Without making any judgment as to the ultimate

4

success of these defenses, it is clear Defendants have done enough to avoid a judgment of default.

## III. CONCLUSION

For the aforementioned reasons, Judge Gold's recommendation is adopted in all respects. Accordingly, Plaintiff's motions for entry of default and for default judgment are DENIED. Plaintiff's motion to stay is dismissed as moot.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
September 19, 2011

NICHOLAS G. GARAUFIS
United States District Judge