UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

KATE GORBATY,

                      Plaintiff,                        **ORDER**

      -against-                                **10-CV-3291 (NGG) (SMG)**

WELLS FARGO BANK, N.A.; WELLS FARGO
HOME MORTGAGE. INC.; and WELLS FARGO
HOME EQUITY,

                      Defendants.
------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

      Plaintiff Kate Gorbaty moves for reconsideration of the court's denial of her motion for an extension of time to file objections to Magistrate Judge Gold's Report and Recommendation. Plaintiff's motion for reconsideration is denied.

      On November 29, 2011, pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), Chief Magistrate Judge Steven M. Gold issued a Report and Recommendation ("R&R"), recommending that Plaintiff's claims be dismissed with prejudice. (R&R (Docket Entry # 76).) Any objections to Judge Gold's R&R are due no later than December 16, 2011. (Id. at 37); see also Fed. R. Civ. P. 72(b)(2) (objections due within fourteen days of service).

      On December 1, 2011, Plaintiff moved for an extension of time to file her objections to the R&R. (Docket Entry # 77.) The court denied this motion. (Docket Entry of December 5, 2011.) By motion dated December 7, 2011, Plaintiff now moves for reconsideration of the court's denial of her motion for an extension of time. (Mot. for Reconsideration (Docket Entry # 78).)

Pursuant to Local Rule 6.3, a motion for reconsideration will generally be denied unless the moving party can establish: "(1) that the court overlooked controlling decisions or data [or] that there has been a change in decisions or data; (2) that there has been a change in controlling law; (3) that new evidence has become available; or (4) that reconsideration is necessary to correct a clear error or prevent manifest injustice." Hughes v. McWilliams, No. 04-CV-7030 (KMW), 2009 WL 2971757, at *1 (S.D.N.Y. Sept. 16, 2009) (citing Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)). Courts narrowly construe and strictly apply the Rule in order to avoid "repetitive arguments on issues that have already been considered fully by the court." Caleb & Co. v. E.I. Du Pont De Nemours & Co., 624 F. Supp. 747, 748 (S.D.N.Y. 1985).

This standard has not been met. Plaintiff has identified no new evidence or controlling law. And, despite Plaintiff's argument to the contrary, reconsideration is not necessary to correct a clear error or prevent manifest injustice. Plaintiff's motion for reconsideration contains the same arguments as her December 1, 2011 motion for an extension of time. The court has fully considered these arguments and finds them meritless.

Furthermore, the court notes that—despite Plaintiff's counsel's insistence on referring to his client as "pro se" (see, e.g., Mot. for Reconsideration at 1-3)—Plaintiff is now represented.[1] (See Order Granting Motion to Appoint Counsel (Docket Entry # 44); R&R at 7 n.6.) Counsel has in fact filed the motions at issue on Plaintiff's behalf. Plaintiff's motion is not entitled to liberal construction, and—as a member of the bar who is intimately familiar with the facts of this case—counsel should be quite capable of responding to the R&R within the time allotted.

---

[1] Pursuant to Magistrate Judge Gold's Order of May 4, 2011, Plaintiff's husband, attorney Dmitry Gorbaty, may serve as her counsel in all pre-trial proceedings, but not as her trial counsel. (Order Granting Motion to Appoint Counsel at 2.) The instant matter falls within the scope of Mr. Gorbaty's representation as pre-trial counsel.

For the foregoing reasons, Plaintiff's motion for reconsideration is DENIED. Any objections to Judge Gold's R&R remain due no later than December 16, 2011.

SO ORDERED.

Dated: Brooklyn, New York
December 9, 2011

/s/ Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge